UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON TYLER BLIZZARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-0216 |
| | ) | Judge Sharp |
| AQUINAS COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Can claims for malicious prosecution and abuse of process under Tennessee common law be based upon a student being subjected (rightly or wrongly) to an internal disciplinary hearing at a private college? That is the question raised by Defendant's Supplemental and Corrected Motion to Dismiss (Docket No. 14). Having considered the parties' arguments (Docket Nos. 12, 16 & 17), as well as the relevant authorities, the Court answers the question in the negative.

According to the Amended Complaint (Docket No. 4), Plaintiff was a nursing student at Aquinas College, a nonprofit corporation located in Nashville, Tennessee. After he made certain complaints about discrimination and misconduct, he was subjected to disciplinary hearings. He was dismissed from the nursing program, but ultimately allowed to finish the program through self-study. Although he successfully completed the curriculum and clinical requirements of the nursing program, Defendant did not send him the Authorization to Test which would allow him to sit for the National Council Licensure Examination.

Based upon his alleged treatment, Plaintiff filed an eight-count Amended Complaint in this Court which includes claims for malicious prosecution (Count Four) and abuse of process (Count

1

Five). Both of those claims are grounded on Plaintiff's assertion that he was "subjected to several disciplinary hearings and processes that were merely used as a pretext for discrimination practices." (Docket No. 4, Amended Complaint ¶ 92).

"In Tennessee there are two tort actions which may be brought to obtain redress for the alleged misuse of legal process by another: malicious prosecution and abuse of process." Bell v. Icard Merrill Cullis, P.A., 986 S.W.2d 550, 555 (Tenn. 1999). "Malicious prosecution is the employment of legal process for its apparent purpose, but without probable cause." Simmons v. Harris, 2000 WL 1586451 at *3 (Tenn. Ct. App. 2000). "Abuse of process differs from malicious prosecution in that abuse of process lies 'for the improper use of process after it has been issued, not for maliciously causing process to issue.'" Bell, 986 S.W.2d at 555 (quoting, Priest v. Union Agency, 125 S.W.2d 142, 143 (Tenn. 1939)). Despite the differences in the torts, the claims share a common genesis in that they arise out of the misuse of legal process. See, Parrish v. Marquis, 2000 WL 1051842 at * 3 (Tenn. Ct. App. July 31, 2000).

In support of its request for dismissal of Plaintiff's malicious prosecution and abuse of process claims, Defendant relies upon Wells v. Hefner, 2006 WL 1184216 (Tenn. Ct. App. 2006). There, a professor at Tennessee State University accused of sexually harassing a student was terminated by the Board of Regents based upon the recommendation of the university's tenure committee. After the Chancery Court reversed the Board's decision, plaintiff sued the individual members of the tenure selection committee for malicious prosecution.

On appeal from the grant of summary judgment in defendants' favor, the Tennessee Court of Appeals observed that "[t]he first element a plaintiff must show in an action for malicious prosecution is that a *prior lawsuit or judicial proceeding was brought against the plaintiff* without

probable cause.'" Id. at *3 (citation omitted, emphasis in original). Because plaintiff's claim was "'based upon the grounds that he was prosecuted at a departmental committee hearing,'" and the "proceedings that resulted in the termination of [p]laintiff's tenure began at the university and did not involve the judicial system," the Tennessee Court of Appeals upheld the trial court's dismissal of plaintiff's malicious prosecution claim. Id.

Present Plaintiff's claims for malicious prosecution and abuse of process suffer the same infirmity. There is absolutely no suggestion that Defendant instituted any type of lawsuit or judicial proceeding against Plaintiff. All that is alleged is that Defendant required Plaintiff to appear for internal disciplinary hearings. Based upon Wells, Plaintiff's claims for malicious prosecution and abuse of process will be dismissed.

In reaching this conclusion, the Court has considered the Tennessee authorities relied upon by Plaintiff. Lewis v. Allen, 698 S.W.2d 58 (Tenn. 1985) and Kaufman v. A.H. Robins Co., 448 S.W.2d 400 (Tenn. 1969) indicate that an "administrative tribunal or body duly established to conduct investigations or investigatory hearings and to make adjudicatory findings that may adversely affect legally protected interest of persons subject to its jurisdiction will satisfy the first element of a malicious prosecution action," Lewis, 698 S.W.2d at 60, where they are "at least 'quasi-judicial'" in nature. Kaufman, 448 S.W.2d at 403. Both cases involved allegations of violations of state law before governmental bodies – in Lewis, the Internal Security Section of the Nashville Metropolitan Police Department investigated allegations that certain police officers stole money from an arrestee, and in Kaufman, the heavily regulated Tennessee Board of Pharmacy was presented with allegations that a pharmacist substituted prescriptions. Neither case involved a claim arising from an internal termination decision by a state college committee, as in Wells, let alone a

3

student disciplinary hearing at a private college, as in this case.

Barron v. PGA Tour, Inc., 670 F.Supp.2d 674 (W.D. Tenn. 2009) is even more attenuated authority for Plaintiff's position. There the court merely string-cited an Ohio Court of Common Pleas decision indicating that "'the decisions of any kind of a voluntary society or association in disciplining or suspending, or expelling members are of a quasi-judicial character'" for the proposition that "'courts are generally reluctant to interfere in the internal affairs of private organizations and clubs.'" Id. at 687. Malicious prosecution and abuse of process were not even claims in the case.

Accordingly, Defendant's Motion to Dismiss (Docket No. 11), as supplemented and corrected (Docket No. 14), will be granted and Plaintiff's claims for malicious prosecution and abuse of process as set forth in Counts Four and Five of the Amended Complaint will be dismissed.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE